UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                      )         Criminal Case No. 19-30013-MGM<br>)<br>DAQUAN HARRIS,                 )<br>            Defendant.            ) | |

ORDER FOR TEMPORARY PRETRIAL DETENTION

The defendant, Daquan Harris("Defendant") appeared before the court on October 14, 2021, for a status conference following an October 5, 2021, show cause hearing related to violations of pretrial conditions of release.  In September 2021, at the request of the Probation Department, the court modified Defendant's conditions of pretrial release to include the requirements that Defendant submit to any method of testing required by the assigned Pretrial Services Officer to determine whether Defendant was using a prohibited controlled substance and that he participate in a program of inpatient or outpatient substance abuse therapy as deemed advisable by the supervising Pretrial Services Officer.  Defendant entered a treatment center for detoxification on September 12, 2021.  On September 17, 2021, he left the program against medical advice.  A drug test on September 20, 2021, was presumptively positive for use of Fentanyl and THC.  At the direction of Probation, Defendant returned to the treatment center for detoxification on September 21, 2021; he again left the program against medical advice on September 26, 2021.  Defendant proposed to address an apparent substance abuse disorder by intensive outpatient treatment and random drug testing through COMPLY.  A drug test conducted by the Probation Department on October 4, 2021, was positive for Fentanyl and THC. At a show cause hearing on October 5, 2021, the court directed that Defendant continue to participate in intensive outpatient drug treatment and emphasized that, given the risks to

1

Defendant and the community associated with the acquisition and use of Fentanyl, the supervising Pretrial Services Officer had the authority to direct Defendant to residential treatment in the event of any additional positive tests. A drug test on October 8, 2021, conducted by COMPLY, was positive for Fentanyl.

Following the October 5th show cause hearing, Defendant did not cut off all communication with his supervising Pretrial Services Officer, but he did not comply with directives, communicated to Defendant and to his mother and a family friend, to report to the Probation Department. It is a fair inference, and the court infers, that Defendant did not want to return to a residential treatment program for detoxification and follow-up in-patient treatment. At the October 14th status conference, Defendant acknowledged that intensive outpatient treatment was, at this point, not working. Defendant's supervising Pretrial Services Officer requested pretrial detention. Defendant, through counsel, requested a third referral to an inpatient treatment program for detoxification and follow-up inpatient care.

When a defendant is charged with violating a condition of pretrial release, and the judicial officer finds that there is clear and convincing evidence that he has done so, and the person is unlikely to abide by any condition or combination of conditions of release, then an order of pretrial detention may be entered. *See United States v. Alfonso*, 284 F. Supp. 193, 195 (D. Mass. 2003). The court does so reluctantly. After two tries in close succession, however, the court is not persuaded that Defendant would be able, at this time, to remain in a residential treatment program. Accordingly, the court orders that Defendant be detained for three weeks from the date of his surrender, if he surrenders as directed on October 15, 2021, or three weeks from the date of his arrest if he does not surrender as directed on October 15, 2021. The court has directed the Marshal's Service to ensure that Defendant is held at a facility that is authorized

to dispense Suboxone so that Defendant can continue with medically assisted treatment for substance use disorder while incarcerated. In accord with his conditions of supervised release, at the conclusion of the three-week period of incarceration, Defendant will participate in further treatment for substance use disorder as directed by the supervising Pretrial Services Officer.

### Directions Regarding Detention

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility authorized to dispense Suboxone and held separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance.

Dated: October 15, 2021

BY THE COURT:

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE